**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

DENNIS PICKERING,

    Plaintiff,

v.                                                                              CASE NO. 1:09-cv-00087-MP-GRJ

ALS ENTERPRISES INC, et al.,

    Defendants.

_____/

**O R D E R**

    This matter is before the Court on the parties' Stipulation for Entry of Proposed Protective Order.  (Doc. 42).  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that trade secret or other confidential or proprietary information be disclosed only in designated ways, the parties' move the Court for entry of a protective order governing confidential information and attorneys eyes only information.

    Accordingly, it is now **ORDERED** as follows:

    1.    Named Plaintiffs, Defendants and third parties, upon producing documents or information, including electronically stored information (the "Producing Party"), may designate documents or information produced or disclosed as "CONFIDENTIAL" any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business or financial information. (hereinafter "Confidential Information").

    2.    Named Plaintiffs, Defendants and third parties, upon producing documents or information, including electronically stored information (the "Producing Party"), may designate documents or information produced or disclosed as "AEO" or "ATTORNEYS EYES ONLY"[1] any information produced in this action which contains, reflects, or otherwise discloses trade secrets, current research and development, or competitively sensitive

---

[1] For the purposes of this Order, "AEO" and "ATTORNEYS EYES ONLY" are used interchangeably.

information (hereinafter "AEO Information").

3.  Documents, discovery responses, pleadings, affidavits, deposition transcripts, or testimony shall be subject to the provisions of this Order if they have been designated clearly on their face as "CONFIDENTIAL" or "AEO." If it is difficult to mark such documents as "CONFIDENTIAL" or "AEO" on their face, then some other method will be used to indicate their confidentiality, such as marking a CD that contains electronic documents as "CONFIDENTIAL" or "AEO" on the outside of the CD case.

4.  Documents, discovery responses, pleadings, affidavits, deposition transcripts, or testimony containing Confidential Information or AEO Information, if filed with the Court, shall be filed under seal in an envelope marked "CONFIDENTIAL-Filed Under Seal Pursuant to Court Order" or "AEO-Filed Under Seal Pursuant to Court Order" respectively and bearing the caption of the case and title of the pleading or other document, or the equivalent if filed electronically.

5.  Documents or information designated as "CONFIDENTIAL" may only be disclosed to the following with use of such Confidential Information limited to this action:

    a.  the parties;
    b.  attorneys appearing in and/or working on this Litigation, including their paralegals and support staff (including outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system);
    c.  outside experts or consultants retained to assist in the preparation of this case by any attorney described in subparagraph (b) above, as well as employees of such expert or consultants;
    d.  employees and agents of the parties for purposes related to this Litigation;
    e.  any person whose deposition is taken by any party;
    f.  the Court, witnesses, court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any;

      g.    mock jurors, provided all mock jurors agree not to discuss or disclose any protected information outside the context of the mock jury exercises, and that no materials bearing Confidential information or AEO information are left in the possession of the mock jurors after conclusion of the mock jury exercises; and

      h.    other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

6.    Documents or information designated as "AEO" may be disclosed only to persons qualifying under Paragraph 5, subparts b, c, e, f, g, and h above, absent the written consent of the Producing Party.

7.    Counsel for the respective parties shall be responsible for obtaining, prior to disclosure of Confidential Information or AEO Information, the written agreement to be bound by the terms of this Order, of any person listed in paragraph 5, subparts c and e. Counsel for the respective parties shall be responsible for obtaining such a written agreement of their own client or their client's employee(s) if their client or their client's employee(s) are noticed for deposition. Such written agreement shall be in the form of Attachment A. If a non-party witness refuses to execute Attachment A, the deposing counsel shall advise the non-party witness that he or she is subject to sanctions for violating the terms of this Order and that admonition shall serve as a substitute for the execution of Attachment A and shall permit examination of the witness on documents or other information as permitted by Paragraph 5 and Paragraph 6.

8.    Nothing in this Order shall prevent a Producing Party from using or disclosing its own documents or information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

9.    At the deposition, or within thirty (30) days of receipt of the transcript, the deponent, the deponent's counsel, or any other party must designate, if appropriate, all or portions of a deposition transcript as "CONFIDENTIAL" or "AEO" and that designation shall remain in effect for the duration of this Order. If no such designations are made within thirty (30) days of receipt of the transcript, the transcript will not be subject to the provisions of

this Order. The deponent, their counsel, or another party making such a designation must advise counsel for the parties and the court reporter of any changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated "CONFIDENTIAL" or "AEO" pursuant to this Order, the physical videocassette, CD-ROM or other media shall be labeled "CONFIDENTIAL" or "AEO". Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

10. Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any Confidential Information or AEO Information. Nothing in this Order shall be deemed or construed to be a waiver by the Producing Party of its right to object on any grounds to the use of any Confidential Information or AEO Information, or any portions thereof, or to seek protection from the Court to prevent Confidential Information or AEO Information from being disclosed to the public, at trial or any hearing before the Court.

11. Production of documents or information for the purpose of inspection and copying shall not constitute a waiver of confidentiality. If documents or information produced for purposes of inspection and copying have not been designated prior to inspection, the Producing Party shall advise the inspecting party that such documents or information may be designated as "CONFIDENTIAL" or "AEO" and that the documents or information should be treated as Confidential Information or AEO Information respectively until such time as the Producing Party produces properly designated copies of the documents or information.

12. The inadvertent or unintentional failure to designate Confidential Information as "CONFIDENTIAL" or AEO Information as "AEO" by the Producing Party~shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. Upon the Producing Party's discovery that a document or information was not correctly designated, the Producing Party shall provide notice to the other parties that the document or information

was inappropriately designated. The Producing Party shall then have seven (7) business days in which to redesignate and produce the properly designated document or information. During the seven days after notice, the document or information shall be treated as Confidential Information or AEO Information as provided in the Producing Party's notice.

13. If one of the Parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL" or "AEO", that party must specify, in writing, to the Producing Party: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation. The party questioning the designation and the Producing Party must meet and confer in good faith to attempt to resolve the designation without the Court's intervention. Upon written notice to the Producing Party that the disagreement with respect to the designation cannot be resolved informally, the Producing Party has ten (10) days (or within such additional time as is reasonable taking into account the number of documents or other information at issue and is agreed to by counselor as ordered by the Court) to move the Court for a protective order approving the Producing Party's designation. Until the Court rules, the confidentiality designation shall remain in effect. If the Producing Party's motion for protection is denied, the document or information shall no longer be designated as "CONFIDENTIAL" or "AEO". Nothing in this paragraph shall be construed as changing the burden of proof set forth in the Federal Rules of Civil Procedure. A party shall not be obligated to challenge the propriety of a Confidential Information or AEO Information designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

14. After termination of the pending action, entry of a final judgment, whether by trial, appeal, settlement or otherwise, and after the termination of all appeals and the time to file any further appeals has passed, the provisions of this Order with respect to the use and dissemination of Confidential Information or AEO Information shall continue to be binding and all copies of any Confidential Information or AEO Information received by the parties or their counsel shall be returned to the Producing Party or destroyed within 60 days. Notwithstanding the foregoing, counsel for any party may retain copies of briefs and other papers filed with the Court, deposition transcripts, and attorney work product that contains or constitutes Confidential Information or AEO Information, so long as such briefs

and other papers are maintained in confidence in accordance with the provisions of this Order. Even following termination of this litigation, the Court shall retain jurisdiction over the parties and recipients of Confidential Information or AEO Information in order to enforce the provisions of this Order.

15. If a party inadvertently produces a document containing Confidential Information or AEO Information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the designating party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production of the document, identifying the document in question and of the corrected confidential designation for the document.

16. Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The designating party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within five (5) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof. The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

17. If the proposed class is certified, this Order shall extend to all members of the class.

18. Nothing herein shall govern the procedures to be used at trial, which shall be set by this Court immediately preceding the commencement of trial.

19. The Court retains jurisdiction to enforce or, upon stipulation of the parties to this action, to amend or modify, this Order.

**DONE AND ORDERED** this 13th day of March, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge